IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| NATHAN T. FORTSON, | ) | Civil Action No. 08 - 532 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| v. | ) | |
| DONALD KELCHNER, et al | ) | |
| Defendants. | ) | |

### MEMORANDUM ORDER

Plaintiff, Nathan Fortson, is a prisoner presently confined at the State Correctional Institution at Fayette, Pennsylvania. He commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 complaining about the conditions of his confinement and asserting violations of his constitutional rights as protected by the Eighth and Fourteenth Amendments of the United States Constitution. Specifically, Plaintiff complains about his confinement in the Restricted Housing Unit (RHU) in administrative custody and the Special Management Unit (SMU). For the reasons set forth below, because Plaintiff has failed to set forth any violation of his constitutional rights, Defendants' Motion to Dismiss shall be granted.

### A. Standard of Review

Defendants have filed a Motions to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. As the United States Supreme Court recently held in <u>Bell Atlantic Corp. v.Twombly</u>, 127 S. Ct. 1955 (May 21, 2007), a complaint must be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face."

1

*Id*. at 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The court must accept as true all allegations of the Complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. *See* California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 127 S. Ct. at 1965 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp., 127 S.Ct. at 1965. Additionally, "a civil rights claim 'must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and conclusory statements are insufficient to state a claim under § 1983." ' Coronado v. Goord, No. 99 Civ. 1674, 2000 WL 1372834, at *2 (S.D.N.Y. 2000) (quoting Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987)).

### B. Liability under 42 U.S.C. § 1983

Plaintiff's Complaint seeks to assert liability against Defendants pursuant to 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-

331 (1986).

The issues at bar concern whether Defendants have violated any of Plaintiff's constitutional rights by housing him in the RHU on AC status and in the SMU. Plaintiff asserts that Defendants actions violated his rights as protected by the Eighth and Fourteenth Amendments of the United States Constitution. His rights under these amendments are discussed separately below.

## C. The Eighth Amendment

First, Plaintiff invokes liability under the Eighth Amendment, which protects individuals against the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. This protection, enforced against the states through the Fourteenth Amendment, guarantees incarcerated persons humane conditions of confinement. In this regard, prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care, and must "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)).

Notwithstanding, not every injury raises constitutional concerns. A prison official violates the Eighth Amendment only when two requirements are met. The inmate must show that: 1) he suffered a risk of "serious" harm; and 2) prison officials showed "deliberate indifference" to such risk. *Id.*, 511 U.S. at 834. The first element is satisfied when the alleged "punishment" is "objectively sufficiently serious." *Id*. In determining whether a prisoner has alleged a risk that is objectively serious, a court must consider not only the seriousness of the potential harm and the likelihood that the harm will actually occur, but evidence that unwilling exposure to that risk violates contemporary standards of decency. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate. Helling v. McKinney, 509 U.S. 25,

3

35 (1993). The second criterion, deliberate indifference, requires an inmate to show that the prison official had a sufficiently culpable state of mind.

The Supreme Court clarified this deliberate indifference standard in Farmer as follows.

> We hold instead that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement <u>unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference</u>. This approach comports best with the text of the Amendment as our cases have interpreted it. The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. . . . But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

Farmer, 511 U.S. at 837-838 (emphasis added).

Plaintiff alleges that the conditions of his confinement in the SMU violated the Eighth Amendment prohibition against cruel and unusual punishment. Plaintiff fails to allege any facts to demonstrate that the conditions of his confinement in the SMU deprived him of any basic human need such as food, clothing, shelter, sanitation, medical care or personal safety. Neither classification nor confinement to segregation, either administrative or punitive, implicates the Cruel and Unusual Punishment Clause of the Eighth Amendment unless the conditions themselves are cruel and unusual. Hutto v. Finney, 437 U.S. 678, 686 (1978); Spaight v. Coughlin, 104 F.3d 350 (Table), 1996 WL 518507 (2d Cir. 1996), *cert. denied*, 117 S.Ct. 972 (1997); Young v. Quinlan, 960

4

F.2d 351, 363 (3d Cir. 1992); Sheley v. Dugger, 833 F.2d 1420, 1428-29 (11th Cir. 1987); Gibson v. Lynch, 652 F.2d 348, 352 (3d Cir. 1981) ("administrative segregation and solitary confinement do not, in and of themselves, constitute cruel and unusual punishment") (citing Hutto), *cert. denied*, 462 U.S. 1137 (1983).

The Constitution does not mandate comfortable prisons. Rhodes, 452 U.S. at 349. Prisons housing "persons convicted of serious crimes cannot be free of discomfort." *Id*. *Accord* Griffin v. Vaughn, 112 F.3d. 703 (3d Cir. 1997) (restrictive conditions in administrative custody in the Pennsylvania state correctional institutions, in and of themselves, do not violate the Eighth Amendment). The well-established rule is that discipline reasonably maintained in state prisons is not under the supervisory direction of Federal courts. Ford v. Board of Managers of the New Jersey State Prison, 407 F.2d 937 (3d Cir. 1969).

> But so long as incarceration as a form of punishment continues, we are required perforce to recognize that, archaic and indefensible though it may be, its objective is to circumscribe certain activities and opportunities not only available in, but also characteristic of, an open societal setting. And, unpleasant as it is to contemplate the physical restrictions of a 'settled environment', we must also recognize that even those rights which survive penal confinement may be diluted by peculiar institutional requirements of discipline, safety, and security.

Gittlemacker v. Prasse, 428 F.2d 1, 3-4 (3 Cir. 1970).

It is only when confinement becomes so foul, so inhuman, and so violative of the basic concepts of decency that a federal court should interfere with prison officials who purportedly have the experience and expertise in matters of prison discipline. Plaintiff has failed to allege any deprivation he has suffered that can satisfy the objective component of an Eighth Amendment claim with respect to the conditions alleged in the SMU. Consequently, Defendants' Motion to Dismiss

should be granted as to Plaintiff's Eighth Amendment claim. *Accord* Dantzler v. Beard 2007 WL 5018184, *10 (W.D.Pa. Dec. 6, 2007); Woods v. Abrams, 2007 WL 2852525, 13 (W.D.Pa. Sept. 27, 2007); Elliott v. Beard, 2006 WL 4404771, *5 (W.D.Pa. Sep 27, 2006); Rivera v. Pennsylvania Dept. of Corrections 837 A.2d 525, 530-532 (Pa. Super. 2003), *appeal denied*, 579 Pa. 704, 857 A.2d 680 (2004) (rejecting Eighth Amendment claim with respect to conditions of confinement in LTSU).

### D. Fourteenth Amendment

Plaintiff next claims that Defendants' actions in placing him in the RHU on AC status and then in the SMU violated his rights under the Due Process Clause of the Fourteenth Amendment because he was not provided with notice or a hearing. The Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on a prisoner. Meachum v. Fano, 427 U.S. 215, 224 (1976). The Due Process Clause shields from arbitrary or capricious deprivation only those facets of a convicted criminal's existence that qualify as "liberty interests." Hewitt v. Helms, 459 U.S. 460 (1983); Morrissey v. Brewer, 408 U.S. 471 (1972). The types of protected liberty interests are not unlimited. The interest must rise to more than an abstract need or desire and must be based on more than a unilateral hope. Rather, an individual claiming a protected interest must have a legitimate claim of entitlement to it. Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979) (citation omitted).

Thus, the threshold question presented by Petitioner's claim is whether Defendants' actions impacted a constitutionally-protected liberty interest. A liberty interest may arise either from the Due Process Clause itself, or from a statute, rule, or regulation. Hewitt, 459 U.S. at 466.

1. Liberty Interest Inherent in Due Process Clause

6

A liberty interest inherent in the Constitution arises when a prisoner has acquired a substantial, although conditional, freedom such that the loss of liberty entailed by its revocation is a serious deprivation requiring that the prisoner be accorded due process. Gagnon v. Scarpelli, 411 U.S. 778, 781 (1973). Interests recognized by the Supreme Court that fall within this category include the revocation of parole, Morrissey, 408 U.S. at 471, and the revocation of probation, Gagnon, 411 U.S. at 778. The Due Process Clause, however, does not create an inherent liberty interest to remain free from administrative segregation. *See, e.g.*, Hewitt, 459 U.S. at 468; Wolff, 418 U.S. at 556; Montayne v. Haymes, 427 U.S. 236, 242 (1976); Sheehan v. Beyer, 51 F.3d 1170, 1175 (3d Cir. 1995); Layton v. Beyer, 953 F.2d 839, 845 (3d Cir. 1992). Accordingly, Plaintiff can succeed under the Due Process Clause only if state law or regulation has created a constitutionally-protected liberty interest in remaining free from administrative detention.

    2.    Liberty Interest Created by Law or Statute

In Sandin v. Conner, 515 U.S. 472 (1995) the Supreme Court dramatically narrowed the range of liberty interests created by law and regulation. Prior to Sandin, courts reviewed the specific language of the pertinent law or regulation to determine whether the language was unmistakably mandatory in character such that it created a liberty interest. The Supreme Court announced a new rule in Sandin for determining whether a prisoner had a protected liberty interest created under statute or regulation by shifting the focus of inquiry from the specific language of the law or regulation to whether the deprivation suffered by the prisoner imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 483 (emphasis added).

Every court that has addressed this issue in Pennsylvania has determined that

prisoners do not have a liberty interest in remaining free from confinement in the RHU and SMU or similar housing. *See, e.g.*, Smith v. Dodrill, 2009 WL 62175 (M.D.Pa. Jan 8, 2009); Spencer v. Kelchner, 2007 WL 88084 (M.D.Pa. Jan. 9, 2007); Dantzler v. Beard 2007 WL 5018184 (W.D.Pa. Dec. 6, 2007); Francis v. Dodrill, 2005 WL 2216582 (M.D.Pa. Sept.12, 2005). Moreover, the Court of Appeals for the Third Circuit has held that an inmate sentenced to an aggregate of 930 days in disciplinary confinement in the RHU did not constitute an atypical and significant hardship sufficient to trigger a liberty interest under Sandin. *See* Young v. Beard, 227 Fed. Appx. 138, 2007 WL 824172 (3d Cir. 2007). Accordingly, this Court finds that Plaintiff has not alleged any state created liberty interest that has been violated by Defendants' actions.

Moreover, as pointed out by Defendants, to the extent Plaintiff does have a liberty interest under Sandin, a finding this Court does not make, he has been afforded all of the process that he is due. *See* Shoats v. Horn, 213 F.3d 140 (3d Cir. 2000) (holding that periodic review of inmate indefinitely confined in administrative confinement comported with due process requirements); Delker v. McCullough, 103 Fed.Appx. 694 (3d Cir. 2004) (same).

The simple fact is that Plaintiff is serving two consecutive life sentences for two brutal and sadistic murders. Moreover, he has proven to be an escape risk and an assault risk. This court will not second guess the decision of DOC as to Plaintiff's appropriate housing. *See* Johnson v. Hill, 910 F.Supp. 218, 220 (E. D. Pa. 1996) (holding that, absent a state-created liberty interest that does not exist in Pennsylvania, prisoner placement is a matter of prison administration and a prisoner has no constitutional right to be placed in any particular cell or housing unit). Accordingly, Defendants' Motion to Dismiss will be granted as to Plaintiff's procedural due process claim. An appropriate order follows.

**AND NOW**, this 13th day of March, 2009;

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (doc. no. 24) is **GRANTED**.

**IT IS HEREBY ORDERED** that the Clerk of Court is ordered to mark this case **CLOSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

        /s/ Lisa Pupo Lenihan
        Lisa Pupo Lenihan
        United States Magistrate Judge

cc:    Nathan T. Fortson GX 0997
        SCI Fayette
        PO Box 9999
        LaBelle, PA 15450